UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ARIENE VONGKHAMCHANH,
individually and on behalf of all other
similarly situated individuals,

      CIVIL ACTION NO.:_____

    Plaintiff,

v.

ALL TEMPORARIES MIDWEST, INC.,

    Defendant.

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Ariene Vongkhamchanh ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of All Temporaries Midwest, Inc. ("Defendant"), and on behalf of the members of the putative Minnesota Rule 23 Class, brings this action against Defendant for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and/or the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, et seq. ("MFLSA"). Plaintiff states the following as her claims against Defendant:

**I.**

**OVERVIEW**

1. Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA. She brings these claims as a putative collective action, individually,

and on behalf of all current or former hourly or non-salaried health care workers employed by Defendant within three years back from the date thisComplaint was filed.

2. Plaintiff also brings claims to recover unpaid overtime wages under the MFLSA, Minn. Stat. § 177.25 (overtime wages for workweeks over 48 hours). Plaintiff brings these claims as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## II.

## THE PARTIES

**Plaintiff**

3. Plaintiff Ariene Vongkhamchanh is a citizen of the United States domiciled in the City of Worthington, State of Minnesota. Plaintiff has been employed by All Temporaries Midwest, Inc. as an hourly or non-salaried health care worker, specifically a Certified Nurse Assistant ("CNA"), since approximately September 2012.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiff Ariene Vongkhamchanh consents in writing to be a party to the FLSA claims asserted. Her consent form is attached as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5. Plaintiff, those similarly situated, and the putative Minnesota Rule 23 Class are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and/or the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

6. This action is brought as a putative collective action under the FLSA for failure to pay federally mandated overtime compensation.

7. This action is also brought as a putative class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the MFLSA, for failure to pay employees proper overtime wages for hours worked each week over forty eight (48).

8. Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiff, those similarly situated, and members of the putative Minnesota Rule 23 Class.

**Defendant**

9. Defendant All Temporaries Midwest, Inc. is a Minnesota corporation with its principal place of business located in Minneapolis, Minnesota. Defendant is an agency that provides health care staffing services in nursing homes.

10. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

11. Plaintiff, and those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

12. At all relevevant times, Defendant is, and has been, the "employer" of Plaintiff, those similarly situated, and the proposed Minnesota Rule 23 Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

## III.

## JURISDICTION

13. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, since Defendant conducts business in the District of Minnesota.

14. The Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

## IV.

## VENUE

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this District.

## V.

## COLLECTIVE AND CLASS ACTION DEFINITIONS

16. The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former hourly or non-salaried health care workers employed by Defendant at any time from three years prior to the filing of this Complaint (the "FLSA Collective").

17. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the MFLSA is defined as:

All current and former hourly or non-salaried health care workers employed by Defendant at any time from three years prior to the filing of this Complaint (the "Minnesota Rule 23 Class").

## VI.

## FACTS

18. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

19. Plaintiff, those similarly situated, and the members of the putative FLSA Collective and Minnesota Rule 23 Class are or were employed by Defendant as hourly or non-salaried health care workers to provide companionship and related health care services for the elderly, ill or disabled in nursing homes.

20. Defendant has suffered and permitted Plaintiff to regularly work more than forty (40) and/or forty eight (48) hours in certain workweeks. Upon information and belief, Defendant has also suffered and permitted the members of the putative FLSA Collective, and members of the putative Minnesota Rule 23 Class to regularly work more than forty (40) and/or forty eight (48) hours in certain workweeks.

21. Plaintiff and those similarly situated were not compensated in accordance with the FLSA and/or the MFLSA because they were not paid proper overtime wages for all hours worked in excess of forty (40) and/or forty eight (48) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA (29 U.S.C. § 207), and/or over forty eight (48) in a workweek, which is required by the MFLSA (Minn. Stat. § 177.25), Defendant paid them "straight time" for their overtime hours worked.

22. Defendant is aware, or should have been aware, that Plaintiff, the putative FLSA Collective, and members of the putative Minnesota Rule 23 Class perform work that requires them to work overtime. Defendant assigns Plaintiff's work schedule and requires Plaintiff, those similarly situated, and members of the putative Minnesota Rule 23 Class to report their work hours via weekly timesheets, which routinely reflect overtime hours.

23. During her employment with Defendant, Plaintiff's hours varied from week to week. For example, in 2014 until approximately January 2017, Plaintiff typically worked for Defendant approximately sixty (60) (or more) hours per week.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

25. Plaintiff brings Count I individually and on behalf of all similarly situated individuals. As mentioned above, the putative FLSA Collective is defined as follows:

> All current or former hourly or non-salaried health care workers employed by Defendant at any time from three years prior to the filing of this Complaint (the "FLSA Collective").

26. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

27. Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying hourly or non-salaried health care workers, like Plaintiff and the putative FLSA Collective, overtime as required by law.

28. Defendant is aware that it is not and was not compensating Plaintiff, the putative FLSA Collective, and the members of the putative Minnesota Rule 23 Class properly for overtime, because, for example, CNAs complained to Defendant about not receiving 1.5 times their regular rate for overtime hours worked.

29. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the putative FLSA Collective proper overtime compensation for hours worked over forty (40) in a workweek.

## VIII.

## MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS

30. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

31. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Counts II of this action individually and on behalf of all similarly situated individuals. As mentioned above, the putative Minnesota Rule 23 Class is defined as follows:

> All current and former hourly or non-salaried health care workers employed by Defendant at any time from three years prior to the filing of this Complaint (the "Minnesota Rule 23 Class").

32. The persons in the Minnesota Rule 23 Class are so numerous that joinder of all members of the proposed Minnesota Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, Defendant, on

information and belief, has employed hundreds of individuals as hourly or non-salaried health care workers during the applicable statute of limitations period. Plaintiff and the putative Minnesota Rule 23 Class have been equally affected by Defendant's violations of law.

33. There are questions of law and fact common to the putative Minnesota Rule 23 Class that predominate over any questions solely affecting individual members of the putative Minnesota Rule 23 Class, including but not limited to the following:

   a. Whether Defendant violated Minnesota law for failure to pay overtime wages due and owing;
   b. The proper measure and calculation of damages; and
   c. Whether Defendant's actions were willful or in good faith.

34. Plaintiff's claims are typical of those members of the putative Minnesota Rule 23 Class. Plaintiff, like other members of the putative Minnesota Rule 23 Class, was subject to Defendant's practices and policies described in this Complaint. Further, Plaintiff's job duties are typical of the putative Minnesota Rule 23 Class, as all class members are or were hourly or non-salaried health care workers working in nursing homes.

35. Plaintiff will fairly and adequately protect the interest of the putative Minnesota Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

36. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to

ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

37. Plaintiff intends to send notice to all members of the putative Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## IX.

## CAUSES OF ACTION

### COUNT I – OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, et seq.
*On Behalf of Plaintiff and the FLSA Collective against Defendant*

38. Plaintiff individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference all allegations in the preceding paragraphs.

39. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

40. Defendant suffered and permitted Plaintiff and the putative FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 et seq. and its implementing regulations.

41. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

42. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the putative FLSA Collective to suffer loss of wages and interest thereon.

43. Plaintiff and the putative FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorneys' fees and costs under the FLSA.

**COUNT II – OVERTIME WAGES
VIOLATION OF THE MINNESOTA
FAIR LABOR STANDARDS ACT – Minn. Stat. § 177.21, et seq.**
*On Behalf of Plaintiff and the Putative Minnesota Rule 23 Class against Defendant*

44. Plaintiff, individually and on behalf of the putative Minnesota Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

45. Plaintiff and the putative Minnesota Rule 23 Class were or are employees of Defendant within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

46. Defendant was or is the employer of Plaintiff and the putative Minnesota Rule 23 Class within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

47. The MFLSA requires employers to pay their employees for hours worked in excess of forty eight (48) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

48. When Defendant paid Plaintiff and the putative Minnesota Rule 23 Class straight time, rather than the required one and one-half times their regular hourly rate for hours worked over forty eight (48) in a workweek, it violated the MFLSA.

49. The foregoing conduct constitutes a willful violation of the MFLSA within the meaning of Minn. Stat. § 541.07.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the putative Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

**RELIEF SOUGHT**

**WHEREFORE**, Plaintiff, individually and on behalf of the putative FLSA Collective, prays for relief as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

3. Judgment against Defendant for violation of the overtime provisions of the FLSA;

4. Judgment that Defendant's violations of the FLSA were willful;

5. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional plaintiffs, defendants, and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9. Such further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff as a class representative, individually and on behalf of the putative Minnesota Rule 23 Class, prays for relief as follows:

1. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the putative Minnesota Rule 23 Class, and the appointment of Plaintiff as class representative and her counsel as class counsel;

2. Judgment against Defendant for an amount equal to Plaintiff's and the putative Minnesota Rule 23 Class' unpaid overtime wages;

3. Judgment that Defendant's conduct as described herein be determined and adjudicated to be in violation of the MFLSA;

4. A finding that Defendant's violations are willful;

5. An amount equal to Plaintiff's and the putative Minnesota Rule 23 Class' damages as liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to amend to add additional plaintiffs, defendants, and/or state law claims by motion or any other method approved by the Court; and

9. Such further relief as the Court deems just and equitable.

Dated: March 30, 2017

**NICHOLS KASTER, PLLP**

/s/ Michele R. Fisher
Michele R. Fisher, MN Bar No. 303069
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
fisher@nka.com

and

**BOHRER BRADY, LLC**
Philip Bohrer*
Scott E. Brady*
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com

**Motion for Pro Hac Vice* forthcoming

**ATTORNEYS FOR PLAINTIFF, THE PUTATIVE FLSA COLLECTIVE, AND THE PUTATIVE MINNESOTA RULE 23 CLASS**